M. Kristeen Hand (WSB # 6-3544)
THE SPENCE LAW FIRM, LLC
15 South Jackson Street
P.O. Box 548
Jackson, Wyoming 83001
(307) 733-7290 (phone)
(307) 733-5248 (fax)
hand@spencelawyers.com

*Attorney for Plaintiff*

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2019 JAN 11 AM 10: 05

STEPHAN HARRIS, CLERK
CHEYENNE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| SARAH MOUNTAIN, <br><br> Plaintiff, <br><br> vs. <br><br> THE UNITED STATES, <br><br> Defendant. | Civil No. 19-CV-05-J <br><br><br> **COMPLAINT** |

Plaintiff Sarah Mountain, by and through her attorney, M. Kristeen Hand of THE

SPENCE LAW FIRM, LLC, brings this Complaint against Defendant as follows:

### PARTIES

1.      Plaintiff Sarah Mountain is a Wyoming citizen residing in Sheridan County,

Wyoming.

2.      Community Health Center of Central Wyoming (hereinafter "CHCCW") was and

still is a non-profit corporation incorporated under Wyoming law with its principle place

business at 5000 Blackmore Rd., Casper, WY 82609.

3.      CHCCW has satisfied all of the requirements to be "deemed to be an employee"

of the United States under the Federally Supported Health Centers Assistance Act as

defined in 42 U.S.C. § 233(g)(1)(A).

4. CHCCW was "deemed to be an employee" of the United States pursuant to the FSHCAA at the time of the events giving rise to this claim.

5. The United States has certified in this litigation that CHCCW was "deemed to be an employee" of the United States pursuant to 42 U.S.C. § 233(l)(1).

6. As CHCCW is, constructively, an employee of the Public Health Service "[t]he remedy against the United States provided by sections 1346(b) and 2672 of title 28… shall be exclusive of any other civil action."

7. At all times relevant to this complaint, Shawn Snyder was employed by CHCCW as a Nurse Practitioner.

8. Shawn Snyder has satisfied all of the requirements to be "deemed to be an employee" of the United States under the Federally Supported Health Centers Assistance Act as defined in 42 U.S.C. § 233(g)(1)(A).

9. Shawn Snyder was "deemed to be an employee" of the United States pursuant to the FSHCAA at the time of the events giving rise to this claim.

10. The United States has certified in this litigation that Shawn Snyder was "deemed to be an employee" of the United States pursuant to 42 U.S.C. § 233(l)(1).

11. As Shawn Snyder is, constructively, an employee of the Public Health Service "[t]he remedy against the United States provided by sections 1346(b) and 2672 of title 28… shall be exclusive of any other civil action."

12. The United States is the proper defendant, and legally responsible party, for negligence by Shawn Snyder and/or CHCCW.

## JURISDICTION AND VENUE

13. The Court has subject matter jurisdiction pursuant 28 U.S.C. § 1346.

14.     The Court has personal jurisdiction over the Defendant because the incidents that are the subject matter of this action occurred in Wyoming.

15.     Venue is proper in this Court under 28 U.S.C. § 1402.

16.     Plaintiff complied with the Wyoming Medical Review Panel Act, Wyo. Stat. Ann. §§ 9-2-1513 through 9-2-1523.

17.     The Wyoming Medical Review Panel acknowledged receipt of Plaintiff's Application for Claim Review on October 30, 2017.

18.     The Director of the Medical Review Panel, Eric Easton, issued an Amended Order of Dismissal on February 26, 2018, which found Plaintiff had complied with the Medical Review Panel Act, and that CHCCW and Defendant United States had failed to respond.

19.     The Director of the Medical Review Panel, Eric Easton, issued a Second Amended Order of Dismissal on May 3, 2018, which found Plaintiff had complied with the Medical Review Panel Act, and that Shawn Snyder and Defendant United States had failed to respond.

20.     On February 15, 2018, Plaintiff timely filed an administrative tort claim pursuant to 28 U.S.C. § 2401.

21.     On July 23, 2018, Plaintiff's administrative tort claim, filed pursuant to 28 U.S.C. § 2401, was denied by the United States.

22.     Plaintiff's complaint is timely under 28 U.S.C. § 2401 because it was filed "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim."

## FACTS

23.     On April 27, 2016, CHCCW's dental clinic employed Plaintiff Sarah Mountain as a dental hygienist.

24.     On April 27, 2016, at approximately 7:20 a.m., while she was driving to work, Ms. Mountain began to experience nausea, severe dizziness, an intense headache, severely distorted vision, and general physical discomfort.

25.     After Ms. Mountain parked in CHCCW's parking lot, but before she could exit her car, she began to vomit uncontrollably.

26.     Still in her car, Ms. Mountain lost consciousness.

27.     After regaining consciousness, her symptoms had still not subsided.

28.     Ms. Mountain was not able to get out of the car under her own power, so she called her supervisor.

29.     Ms. Mountain's speech was impaired.

30.     Ms. Mountain's supervisor managed to gather that Ms. Mountain was in distress, needed medical attention, and was in her car, which was parked in CHCCW's parking lot.

31.     Ms. Mountain's supervisor and a nurse found Ms. Mountain in her car and helped her into CHCCW's Quick Care clinic.

32.     The nurse attending to Ms. Mountain in her car was Ms. Christy Shatek.

33.     Nurse Shatek is no longer employed by CHCCW in any capacity.

34.     Ms. Mountain's vital signs were entered into her CHCCW Quick Care Clinic's chart at 8:37 a.m.

35.     By 8:37 a.m., Ms. Mountain was a patient of CHCCW's Quick Care Clinic.

36.     During the time she was a patient at CHCCW on April 27, 2016, Ms. Mountain received medical treatment from a family nurse practitioner, Mr. Snyder.

37.     During the time she was a patient at CHCCW on April 27, 2016, Ms. Mountain's medical treatment was controlled and overseen by Mr. Snyder.

38.     At all times relevant during Ms. Mountain's treatment, Mr. Snyder was employed by CHCCW's Quick Care Clinic.

39.     On information and belief, Mr. Snyder is still employed by CHCCW.

40.     At all relevant times, CHCCW's employees, including Mr. Snyder, were acting within the course and scope of their employment.

41.     Mr. Snyder diagnosed Sarah with vertigo.

42.     Mr. Snyder's diagnosis of Ms. Mountain was wrong.

43.     Based on the wrong diagnoses, Mr. Snyder referred Ms. Mountain to Wind City Physical Therapy.

44.     When Mr. Snyder attempted to transfer Ms. Mountain to Wind City, she refused and insisted she be taken to Wyoming Medical Center's emergency room.

45.     Mr. Snyder did not perceive Ms. Mountain's condition to be emergent.

46.     A non-emergent ambulance was called for Ms. Mountain at 2:03 p.m.

47.     Ms. Mountain was a patient of CHCCW's Quick Care Clinic from 8:37 a.m. until the ambulance picked her up and departed at 2:11 p.m.

48.     Ms. Mountain arrived at Wyoming Medical Center at 2:20 p.m.

49.     At 2:40 p.m., Wyoming Medical Center medical providers called an acute stroke code and began stroke intervention measures to help Ms. Mountain.

50.     As part of the stroke intervention, Ms. Mountain's attending neurologist, Dr. Alana Cozier, ordered a CT scan because "even though the patient was past the window for Tissue Plasminogen Activator (tPA), due to her young age, depending on what we saw on the CT scan my decision was she could potentially be either an IV or IA tPA candidate."

51.     Dr. Cozier could not administer tPA to Ms. Mountain because "the CT scan clearly showed a completed infarct in [Ms. Mountain's] left cerebellar hemisphere, so [tPA] was not administered due to her really being outside the tPA window and the stroke already completing itself."

52.     Dr. Cozier noted in her record "unfortunately, the patient sat all day with the symptoms. We could have helped her earlier by giving her tPA."

53.     Without the administration of tPA, Ms. Mountain suffered permanent neurological damage.

54.     The medical negligence of CHCCW employee(s) prevented the timely administration of tPA to Ms. Mountain.

55.     Had Ms. Mountain received a timely administration of tPA, she would not have suffered permanent neurological damage.

56.     As a result of her permanent neurological damage, Ms. Mountain lost her dental hygienist license and will never be able to return to that line of work.

### FIRST CAUSE OF ACTION
### NEGLIGENCE OF SHAWN SNYDER AND
### VICARIOUS LIABILITY OF CHCCW

57.     Plaintiff incorporates by reference all other allegations in this Complaint.

58.     At all times material to this action, CHCCW's employees, agents, servants or the like, including Mr. Snyder, owed a duty of reasonable care to its medical patients, including Ms. Mountain, to fully and properly investigate, examine, diagnose, treat, or in the alternative, to properly refer and secure qualified and competent medical specialists to investigate, examine, diagnose, and treat patients.

59.     At all times material to this action, CHCCW's employees, agents, servants or the like, including Mr. Snyder, owed a duty of reasonable care to its medical patients, including Ms. Mountain, to comply with the accepted standards of medical care or practice.

60.     At all times relevant to this complaint, Mr. Snyder was acting within the course and scope of his employment, including during his diagnosis and treatment of Ms. Mountain.

61.     During the course of treatment of Ms. Mountain, CHCCW's employee, Mr. Snyder, was negligent in the care and treatment he provided to Ms. Mountain, and such negligence, falling below the applicable standard of care, breached duties of care owed by Mr. Snyder to Ms. Mountain.

62.     Mr. Snyder negligently failed to comply, or assure compliance with the standards of care required of family nurse practitioners under similar circumstances as such standards of care existed at the time care and treatment was provided to Ms. Mountain.

63.     Mr. Snyder's negligence included, but was not limited to:

   a. Negligently failing to fully and properly examine, diagnose, evaluate and treat, or in the alternative, to properly refer and secure qualified and

competent medical specialists to examine, diagnose, evaluate and treat Ms. Mountain.

b.  Negligently failing to timely refer Ms. Mountain to emergency room physicians.

c.  Negligently failing to accurately assess the emergent condition of Ms. Mountain for more than five hours.

d.  Negligently failing to comply with standards of care required of similarly trained Family Nurse Practitioners to properly diagnose Ms. Mountain, and/or to timely refer Ms. Mountain to emergency room physicians.

e.  Negligently failing to otherwise comply with standards of care required of similarly trained Family Nurse Practitioners.

f.  Negligently failing to provide appropriate medical care and treatment; and

g.  Negligently failing to act reasonably under all the circumstances.

64.     As a direct, proximate, and foreseeable result of Mr. Snyder's negligent acts and omissions during the course and scope of his employment with CHCCW, Ms. Mountain suffered damages including but not limited to:

a.  Past and future physical pain and suffering in an amount to be proven at trial;

b.  Past and future emotional pain and suffering in an amount to be proven at trial;

c.  Past and future loss of enjoyment of life in an amount to be proven at trial;

d.  Past and future disability in an amount to be proven at trial;

e.  Past and future loss of wages, income, and earning capacity in an amount to be proven at trial;

f.  Other past and future pecuniary loss in an amount to be proven at trial;

g.  Past and future medical and related expenses in an amount to be proven at trial;

h.  All allowable costs, expenses and fees associated with this litigation; and

i.  Plaintiff reserves the right, if demonstrated by the evidence, to assert a claim for punitive damages as is fair and just.

## PRAYER FOR RELIEF

Ms. Mountain respectfully requests that the Court enter judgment against the Defendant in an amount supported by the allegations of this Complaint and the evidence at trial, as follows:

1.  Judgment against Defendant for general damages in an amount consistent with the allegations contained herein and to be proven at trial;

2.  Judgment against Defendant for special damages in an amount consistent with the allegations contained herein and to be proven at trial; and

3.  Judgment for costs, interests, and such other and further relief as this Court deems just and equitable.

DATED this 9th day of January 2018.

M. Kristeen Hand (WSB # 6-3544)
THE SPENCE LAW FIRM, LLC
15 South Jackson Street
P.O. Box 548
Jackson, Wyoming 83001
(307) 733-7290 (phone)
(307) 733-5248 (fax)
hand@spencelawyers.com
*Attorney for the Plaintiff*